UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DESERY MARTIN CHASE,**

    **Plaintiff,**

v.                                                Case Number:  8:19-cv-00216-MSS-AEP

**UNIVISTA INSURANCE CORPORATION,**

    **Defendant.**

___

**PLAINTIFF'S MOTION FOR LEAVE TO VOLUNTARILY DISMISS WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**

___

Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Plaintiff, Desery Martin Chase, by and through her undersigned counsel, respectfully moves this Court to grant her Motion for Voluntary Dismissal without Prejudice ("Motion"), and in support thereof, states as follows:

**A. Procedural Background**

1. The Plaintiff filed her complaint (Doc. 1) on January 28, 2019.

2. On March 6, 2019, Defendant filed a Motion for Extension of Time to Respond to Plaintiff's Complaint (Doc.19) to which Plaintiff did not oppose, allowing Defendant to respond on March 21, 2016.

3. On March 21, 2019, Defendant filed an Answer (Doc. 21) to Plaintiff's Complaint.

4. Plaintiff filed a Motion for Leave to Amend the Complaint (Doc. 28) on April 19, 2019, which was granted by this court on April 30, 2019. (Doc. 33).

5. Defendant filed two separate extension requests, one on May 8, 2019 (Doc. 35) and one on June 3, 2019. (Doc. 37).

6. Defendant filed their Answer to Plaintiff's Amended Complaint (Doc. 41) on June 12, 2019.

7. To date, neither party has attended deposition or mediation, nor has Defendant responded to Plaintiff's Motion to Compel (Doc. 39).

8. Plaintiff recently indicated to Defendant that she wished to dismiss her case without prejudice.  Although the Defendant admits they want the case dismissed, they indicated they would not stipulate to a dismissal, and would oppose a dismissal unless it was a dismissal with prejudice and Plaintiff filed a Motion specifying it was a "unilateral dismissal" without "settlement monies being paid."  Following a telephone call, counsel for Defendant confirmed their belief that the dismissal should be with prejudice.

9. As a dismissal without prejudice will not impose any "clear legal prejudice" on Defendant, Plaintiff asks this Court grant her Motion of Voluntary Dismissal Without Prejudice.[1]

## MEMORANDUM OF LAW

**B. Legal Standard**

Federal Rule of Civil Procedure 41(a) governs the ability of a plaintiff to dismiss an action voluntarily and without prejudice.  Rule 41(a)(1) permits a plaintiff to dismiss voluntarily an action without prejudice *without* first seeking leave from the court as long as the defendant has not yet filed either an answer or a motion for summary judgment, whichever occurs first. Fed.R.Civ.P.41(a)(1).  Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only "upon order of the court and upon such terms and conditions as the court deems proper."  Fed.R.Civ.P.41(a)(2).  The default under Rule 41(a)(2) is that a dismissal thereunder is without prejudice. *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). Such a voluntary dismissal upon order of the court is deemed without

---

[1] Plaintiff Motion for Voluntary Dismissal Without Prejudice demonstrates the dismissal is being sought by Plaintiff without the exchange of a financial settlement which satisfies Defendant's first set of concerns.

prejudice unless otherwise specified by the court. *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).

The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit,* as a result." *Id.* at 856–57. "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal[?]" *Durham v. Florida East Coast Ry. Co.,* 385 F.2d 366, 368 (5th Cir. 1967). Plaintiff's request must be granted unless Defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. *Affendakes v. Wing Enterprises, Inc.,* No. 8:14-cv-361-T-36AEP, 2014 WL 7405760, (M.D. Fla. Dec. 30, 2014) (citing *Pontenberg* at 1255).

In determining whether a defendant will suffer clear legal prejudice, "the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence...in prosecuting the action, insufficient explanation for...a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Peterson v. Comenity Capital Bank*, No. 6:14-cv-614-Orl-41TBS, 2016 WL 3675457 (M.D. Fla. May 3, 2016) (quoting *Pezold Air Charters v. Phx. Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000)). Ultimately, "[t]he court's task is to 'weigh the relevant equities and do justice between the parties.'" *Goodwin v. Reynolds***,** 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting *McCants,* 781 F.2d at 857).

- C. **Plaintiff's Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2) should be granted because the Defendants will <u>not</u> suffer any clear legal prejudice and Plaintiff has acted in good faith**

3

No recognizable "clear legal prejudice" exist in this case. Because Defendant does not consent to the dismissal, Plaintiff is seeking a court order pursuant to Rule 41(a)(2). Plaintiff's request must be granted unless Defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit. *Affendakes v. Wing Enterprises, Inc.,* No. 8:14-cv-361-T-36AEP, 2014 WL 7405760, (M.D. Fla. Dec. 30, 2014) (citing *Pontenberg* at 1255). It is impossible for the Defendants in this case to demonstrate such prejudice. This pending litigation is still in its infancy.

In *Pontenberg,* the discovery period had expired and the plaintiff's expert witness reports were struck for failure to timely comply with the expert disclosure requirements of Rule 26. As a result, defendant subsequently moved for summary judgment. Rather than respond to the motion, plaintiff filed a notice of voluntary dismissal without prejudice. Over the defendant's objection arguing that dismissal without prejudice was inappropriate due to its considerable investments in defending the action up to that point in the litigation, the district court entered an order allowing plaintiff to dismiss her action without prejudice and denied the motion for summary judgment as moot. On appeal, the Eleventh Circuit upheld the district court's decision emphasizing that "neither the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss." *Pontenberg* at 1256.

The court in *Pontenberg* made it clear that even if the discovery period has expired and a case has progressed beyond the filing of summary judgment motions, this does not establish clear legal prejudice required to deny a motion for voluntary dismissal under Rule 41(a)(2). In the case in front of the Court today, the case remains at its infancy, with Defendant filing their Answer to

the operative Complaint only last week. Further, no depositions have been taken, hearings attended or mediations have occurred. This is nowhere near as far into the litigation as what the Eleventh Circuit was faced with in *Pontenberg,* thus it is clear that the Defendants are unable to establish any legal prejudice in this case. And Plaintiff shouldn't be required to pay Defendant's fees or costs.

The purpose of Rule 41(a)(2) is to permit a plaintiff to voluntarily dismiss a suit without prejudice to further litigation. *LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976). However, in considering Rule 41(a)(2) motions, the court should seek to avoid prejudicing the defendant's interests. *Id.* Accordingly, district courts are permitted to attach terms and conditions to voluntary dismissals granted under Rule 41(a)(2). *Iraolo & CIA, S.A. v. Kimberly-Clark Corp.,* 232 F.3d 854, 861 (11th Cir.2000). Plaintiffs ordinarily will not be permitted to dismiss an action under Rule 41(a)(2) if defendants have been put to considerable expense in preparation, absent a condition that the plaintiff reimburse the defendant for reasonable attorney's fees and expenses. *McCants v. Ford Motor Company, Inc.,* 781 F.2d 855, 860 (11th Cir.1986). Awards of costs and fees have been deemed appropriate where, for instance, the dismissal was for the purpose of re-filing the action in state court, or where the defendants have incurred fees and expenses in pursuing matters that would be of no use in subsequent litigation. *McCants,* 789 F.2d at 859-60; *Conafay by Conafay v. Wyeth Labs.,* 841 F.2d 417, 419 (D.C.Cir.1988); *Ortega v. Banco Central del Ecuador,* 205 F.R.D. 648 (S.D.Fla.2002); *Fleming v. Joy Fin. Co.,* 1995 WL 739877 (E.D.La. Dec. 11, 1995).

In the instant case, the record shows that the Defendants have done very little preparation besides filing their Answer and responding to discovery.[2] There have been no meaningful

---

[2] However, Defendant's discovery responses left something to be desired as evidenced by Plaintiff's Motion to Compel. (Doc. 39)

5

developments in this case. Depositions were never taken, nor were any hearings or mediations attended. The Defendants have obviously not incurred considerable expenses in preparing this case. In fact, should the Plaintiff choose to refile this action at a later date, the Defendant's work thus far (i.e., Answer to the Complaint) actually provides them a head start in any potential future litigation. For all of these reasons, this Court should grant Plaintiff's Motion for Voluntary Dismissal under Rule 41(a)(2) without attaching any conditions, such as attorney's fees and costs.

WHEREFORE, Plaintiff, Desery Chase, respectfully requests this Honorable Court to enter an order granting Plaintiff's Motion for Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(2) Without Prejudice and without attaching any conditions, such as attorney's fees and costs, in addition to any relief this Court deems just.

### CERTIFICATE OF COMPLAINCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g) counsel for Plaintiff has conferred with counsel for Defendant who opposes the relief sought herein.

**I HEREBY CERTIFY** that, on this 18th day of June 2019, the foregoing was filed upon the parties using the CM/ECF system.

    Respectfully submitted,

    *s/William Peerce Howard*
    **William Peerce Howard, Esq.**
    Florida Bar No.: 0103330
    Amanda Allen, Esq.
    Florida Bar No.: 0098228
    THE CONSUMER PROTECTION FIRM, PLLC
    4030 Henderson Blvd
    Tampa, FL 323609
    Telephone: (813) 500-1500
    Facsimile: (813) 435-2369
    Billy@TheConsumerProtectionFirm.com
    Amanda@TheConsumerProtectionFirm.com
    *Attorney for Plaintiff*